Sutlirr, J.
The bond upon which suit was brought, as shown by the record, was executed by William Hunter and his sureties to i he State of Ohio, conditioned, it is true, for the faithful discharge of the official duties of said Hunter, as treasurer of said Mercer •county, in paying over all moneys according to law, that should ■come to his hands by virtue of the said office, for state, county, township, and other purposes. At common law, therefore, an action could only be brought upon the bond in the name *of the •obligee, the State of Ohio. Nor could there be, for want of privity •of contract between the parties, any action sustained upon this bond by the county, or any township, or other party beneficially inter•ested, by force of any existing statute in this state previous to the adoption of our code of civil procedure. Indeed, the right to maintain the action is, I believe, only claimed for the county commissioners by virtue of certain provisions of the code. Are the county •commissioners, then, vested with such right of action by any provisions of the code of civil procedure of this state ?
It is provided by section 25 of the code that “ every action must be prosecuted in the name of the real party in interest, except as •otherwise provided in section 27.” And it is provided by section 27, that “ an executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring ^an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in •such name as is authorized by law; and official bonds may be sued upon in the same way.”
Now it is insisted by defendants in error, that in this case the money, when collected upon said bond, is intended as an indemnity for the delinquency of the office, and is payable to the same parties •entitled to the amount so due from the treasurer; and that inasmuch as the principal part of the money was due to the county, *422 therefore the county has the right to sue for the money due upon said bond. But even if it should be granted, what does not appear,, that the state stands in the relation of trustee rather than the party to whom the taxes are due from the treasurer, an answer to the argument is furnished by the fact that the county commissioners are the parties plaintiff in this case. Nor is the objection evaded by saying that they sue for the county. The fact still appears, that the commissioners, the plaintiffs, even if authorized *to sue' for the county, stand in the relation of trustees for the county, the beneficiary, and are admitted not to be themselves the beneficiaries, “ the parties in interest.” And if it be insisted, that although the-action be commenced in the name of the county commissioners, it is in fact to be regarded as an action commenced by the county, it may well be asked by what authority can this suit be prosecuted by the county in the name of its county commissioners ? The county is not a corporation, but a mere political organization of certain of the territory within the state, particularly defined by geographical limits, for the more convenient administration of the laws and police-power of the state, and for the convenience of the inhabitants. Such organization is invested with certain powers delegated to it by the state for the purposes of civil administration ; and for the same purpose it is clothed with many characteristics of a body corporate. A county may not improperly be called a quasi corporation, for it is in many respects like a corporation. But a county can neither sue nor be sued, except by express power conferred by statute, and in the manner so expressed. Nor can any of the officers of a county, by virtue of such office, sue or be sued, except as-provided by statute. It follows, therefore, that the only power to-sue possessed by the board of county commissioners, is conferred upon them by statute.
In the act establishing boards of county commissioners, etc., it is-provided by section 7 : »
11 That the board of county commissioners in the several counties of this state, shall be capable of suing and being sued, pleading and-being impleaded, in any court of judicature within this state; and they are hereby authorized and required to ask, demand, and recover by suit or otherwise, any sum or sums of money, or other property due to such county, on account of advances made by ther 3 on any contract with any person or persons, for the erection or re - pairs of any public buildings, or bridges, or any other *eoi *423 tract, which, by the provisions of this act, they are authorized to enter into, and in like manner to sue for, and recover in money, the value or amount of any labor or article of value, subscribed instead of money, to aid in erecting or repairing public buildings or bridges, where such labor or article of value, upon their requisi tion, shall not have been performed, delivered, or paid in a reasonable time; and the money so recovered in either of the above cases, shall be by them paid into the treasury of the county, and they shall take the treasurer’s receipt, and file the same with the auditor of the county.”
It will be perceived that no authority is, by this section, conferred upon the county commissioners to sue in this case. Without, therefore, insisting upon the maxim of “ expressio unius est exclusio alterius,” inasmuch as the statute authorizing the board of commissioners to sue in certain cases, does not authorize them to sue in this case for the county, and the commissioners not being the party in interest, no authority is derived from the provisions of the code referred to, for the commissioners to maintain the action upon the bond sued upon.
The foregoing remarks apply not only to a claim of a right of action under sections 25 and 27, but also under section 566 of the code, which provides as follows:
“ When an officer, executor, or administrator, within this state, by misconduct or neglect of duty, forfeits his bond or renders his sureties liable, any person injured thereby, or who is by law entitled to the benefit of the security, may bring an action thereon, in his own name, against the officer, executor, or administrator and his sureties, to recover the amount to which he may be entitled by reason of the delinquency. The action may be instituted and proceeded in on a certified copy of the bond, which copy shall be furnished by the person holding the original thereof.”
For the reasons already suggested, the county *commissioners derived no authority under this section 586, to maintain an action upon the bond.
There is still another provision of the code which relates to the question before us. It is provided by section 605, as follows:
“ Where, by statute, a civil action, legal or equitable, is given, and the mode of proceeding therein is prescribed, this code shall not affect the proceedings under such statute, until the legislature shall otherwise provide; but the parties may, if they see fit, pro *424 ceed under this act; and in all such eases, as far as it may be consistent with the statute giving such action, and practicable under this code, the proceedings shall be conducted in conformity thereto,” etc.
The cause of action upon which suit was instituted, arose under the act of June 1,1831, “ prescribing the duties of county treasurers.” The action was commenced and prosecuted to final judgment under the provisions of section 24 of that act. But that statute did not authorize the suit to be brought in any other name than that of the state, the obligee named in the bond.
Inasmuch, therefore, as the code has not authorized the civil action given by that statute to be brought in the name of any other party, the action must necessarily be brought in the name of the obligee of the bond. The right is, however, given by section 605, to the parties in such a case to proceed under the code, so far as consistent with the statute. Under this license, the parties had the right to commence, as in this case, a civil action under the code, instead of an action of debt.
Inasmuch, therefore, as no application was made and obtained in the court of common pleas, either before or after judgment, for an amendment of the record, by striking out the names of the county commissioners and inserting in place thereof that of the obligee named in the bond, and bringing before the district court a more perfect copy *of the record showing the same, we think there is error in the judgment of the court of common pleas.
The judgment of that court must therefore be reversed, and the cause remanded for further proceedings.

Judgment accordingly.

Brinkerhoee, C. J., and Scott, Peck and G-holson, JJ., concurred.